UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Josue Felix Catano-Morales,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-242 ADM/TNL

---

Josue Felix Catano-Morales, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Josue Felix Catano-Morales' ("Catano-Morales") Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 52]. For the reasons stated below, the Motion is denied.

## II.  BACKGROUND

On January 17, 2019, Catano-Morales entered a plea of guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Min. Entry [Docket No. 34]; Plea Agreement [Docket No. 35]. Catano-Morales was sentenced on May 14, 2019. Min. Entry [Docket No. 49]. The Court sentenced Catano-Morales to a mandatory minimum term of 120 months, which represented a substantial downward departure from the 151 to 188 month sentencing guideline range. See Sentencing J. [Docket No. 50] at 2; Stmt. Reasons [Docket No. 51] at 1, 4.

Catano-Morales is currently in custody at the Federal Correctional Institute in Ray Brook New York ("FCI-Ray Brook").  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 23, 2022).  His projected release date is November 20, 2026.

Catano-Morales, age 40, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that extraordinary and compelling reasons warrant his immediate release based on his health, conditions of confinement, and family concerns.

Catano-Morales contends he is at increased risk of becoming seriously ill if he contracts COVID-19 because he has a history of smoking.  Catano-Morales is fully vaccinated against COVID-19, but is concerned that the vaccine may not protect him from new variants of the virus.

Catano-Morales further contends that the conditions of his confinement during the pandemic amount to cruel and unusual punishment under the Eighth Amendment.  He alleges that meals are not being served at proper temperatures and are "very small;" he is locked in his cell for long periods of time without fresh air; there is no doctor, dentist, or psychologist at his facility; and educational and rehabilitative programming has been suspended at the facility.  Catano-Morales also alleges that he is subjected to harassment and discrimination by inmates and staff because he is a homosexual and an immigrant.  He provides no information about the nature and severity of the alleged harassment and discrimination.

Catano-Morales also argues that he is needed in Mexico to help care for his sick and elderly father.

## III.  DISCUSSION

### A.  Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "Extraordinary and compelling reasons" also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver.  U.S.S.G. § 1B1.13 comment n.1(C).  A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling.  U.S.S.G. § 1B1.13 comment n.1(D).  The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

**B. Exhaustion**

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Catano-Morales has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility and the request was denied on March 15, 2022. Mot. Ex. A [Docket No. 52, Attach. 1] at 1. His Motion is therefore ripe for review.

**C. No Extraordinary and Compelling Reasons**

Catano-Morales' health concerns, prison conditions, and family circumstances, whether considered separately or together, do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction.

Catano-Morales' history of smoking does not justify his release because his vaccination against COVID-19 substantially reduces the risk that he will become infected and seriously ill from the disease. The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants." CDC, Vaccines Are Effective Against Most Variants, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Aug. 23, 2022).

As a result, Catano-Morales' health concerns amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction. See United States v. Derden, No. 12-CR-0012 (PJS), 2021 WL 3721848, at *2 (D. Minn. Aug. 23, 2021) (denying compassionate release for vaccinated inmate because the risk that the inmate would "be

4

reinfected with COVID-19 or a variant and . . . become seriously ill" was "too speculative to justify his release"); United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

The conditions of confinement at Catano-Morales' facility also do not warrant his release. The prison conditions at FCI-Ray Brook affect all inmates and are not a particularized reason for Catano-Morales' release. See Derden, 2021 WL 3721848, at *3 (denying similar argument because prison conditions affected all inmates and were not particular to defendant). If Catano-Morales wishes to challenge the conditions of his confinement, including the alleged harassment and discrimination by prison staff, he must do so in a Bivens action filed in the federal district where he is confined. See id.; United States v. Spencer, No. 07-CR-0174 (JRT), 2021 WL 849565, at *1 n.1 (D. Minn. Mar. 5, 2021).

Catano-Morales' family circumstances also are not extraordinary and compelling. Although Catano-Morales' desire to help his sick and elderly father is commendable, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). Accordingly, Catano-Morales has not demonstrated extraordinary and compelling reasons warranting compassionate release.

Catano-Morales requests appointment of counsel, arguing he is indigent and does not have access to a law library to conduct legal research. A defendant does not have a Sixth

5

Amendment right to counsel in a § 3582(c) proceeding.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  The Court declines to appoint counsel given the straightforward nature of the issues involved in Catano-Morales' § 3582(c) proceeding.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Josue Felix Catano-Morales' Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 52] is **DENIED**.

BY THE COURT:

Dated: August 24, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT